UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE GRAY, III,<br>Plaintiff,<br>v.<br>HUNTER GREENWOOD, et al.,<br>Defendants. | No. 2:24-cv-1401 DC AC<br><br><u>ORDER</u> |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On October 16, 2026, pro se plaintiff Gray filed a request for a 30 day extension of the discovery deadlines. ECF No. 46. Plaintiff asserted he needs the additional time in order to depose defendants but stated "budget constraints prevent me from taking said depositions today." ECF No. 46 at 1. Plaintiff stated that he was working in good faith to obtain the funds soon and asks for an extension of time to November 30, 2026 to obtain the funds and depose one or more defendants. Defendants opposed the motion, arguing that it was filed only a week before the discovery deadline, is nonspecific as to whom plaintiff intends to depose, and was filed without a proper meet and confer effort. ECF No. 47 at 1-2. Plaintiff submitted a reply, stating that as of October 30, 2026, he has procured the necessary finances, he seeks to depose defendant Greenwood, and is prepared to immediately notice the deposition. Id. at 3.

A pretrial court order setting deadlines "may be modified only for good cause."

Fed.R.Civ.P. 16(b)(4). "The 'good cause' standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment." Monroe v. Zimmer US, Inc., No. CIV S-08-2944 FCD, 2010 WL 3245165, at *1 (E.D. Cal. Aug. 17, 2010). Such diligence may be established by showing that the moving party (1) was diligent in helping the court create a workable initial scheduling order; (2) that plaintiff's noncompliance with the existing order occurred or will occur despite diligent efforts to comply, due to the development of matters that could not have been reasonably foreseen or anticipated at the time of the scheduling conference; and (3) that plaintiff was diligent in seeking to amend the existing order once it became clear that he or she could not comply with it. Id. Eastern District Local Rule ("LR") 144(d) provides that requests for court-approved extensions of time "brought on the required filing date for the pleading or other document are looked upon with disfavor." Id.

The court finds that plaintiff has demonstrated diligence and good cause for an extension of the discovery deadlines. Accordingly, the motion (ECF No. 46) is GRANTED, and the discovery deadline is extended through December 3, 2026. All other deadlines remain in place.

IT IS SO ORDERED.

DATED: November 3, 2026

[signature]

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE